AO 91 (Rev. 11/11)  Criminal Complaint



# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED

NOV – 7 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
by _____
DEPUTY CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Bradley Allen VAINE | )  Case No. 1:12-MJ-00270-BAM |
| | ) |
| | ) . |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___October 2012 to November 2012___ in the county of ___Fresno,___ in the
___Eastern___ District of ___California___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(2) | Receipt and/or Distribution of Child Pornography |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andres Varela, Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/7/12  4:30 PM__

_____
*Judge's signature*

City and state:   ___Fresno, California___

Barbara A. McAuliffe, U.S. Magistrate Judge
_____
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

County of Fresno                          Re: In Support of
                                          Criminal Complaint

                                   **Bradley Allen VAINE**
                         **XXXX**
                              **Fresno, California**

                         **AFFIDAVIT**

     I, Andres Varela, being duly sworn, hereby state as
follows:

     1.   I am employed as a Special Agent (SA) with the
United States Department of Homeland Security, U.S.
Immigration and Customs Enforcement (ICE), Homeland
Security Investigations (HSI), presently assigned to
Fresno, California.  I have been employed as an HSI Special
Agent for over two years.  Part of my responsibilities with
HSI include investigations of criminal violations relating
to child exploitation and child pornography including
violations pertaining to the illegal production,
distribution, receipt and possession of child pornography,
in violation of 18 U.S.C. §§ 2252(a) and 2252A.  I have
received training in the areas of child pornography and
child exploitation, and as part of my duties have observed
and reviewed numerous examples of child pornography (as
defined in 18 U.S.C. § 2256) in all forms of media,
including computer media.   I am a graduate of the Federal
Law Enforcement Training Center's Criminal Investigator
Training Program and the Immigration and Customs
Enforcement Special Agent Training, during which I received
extensive training in the investigation of federal

                            1

violations including customs fraud violations. I have been trained in the area of child pornography and exploitation, computers, and how the Internet is used to transmit child pornography and exploit children. As part of my duties, I have been the investigating officer/case agent for multiple child pornography investigations.

2. This affidavit is made in support of a criminal complaint for Bradley Allen VAINE of Fresno, California for violating the following federal statutes:

> a. 18 U.S.C. § 2252(a)(2), which makes it a crime for any person to distribute and/or receive material involving the sexual exploitation of children, and

> b. 18 U.S.C. § 2252(a)(4)(B), which makes it a crime for any person to knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including computer, when the producing of such visual depiction(s) involves the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.

3. The information contained in this affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

4. The Homeland Security Investigations (HSI) Fresno office and the Central California Internet Crimes Against Children Task Force (ICAC) is presently conducting a child pornography and child exploitation investigation involving

2

Bradley Allen VAINE of XXXX N. 11th Street, Apt 105, Fresno, CA 93703.

    5.    The investigation was initiated as part of efforts by HSI/Fresno and the Central California ICAC Task Force to identify, locate, and apprehend persons utilizing peer-to-peer file-sharing technology to obtain and/or make available for distribution images of child pornography. As part of this effort, agents identified an Internet Protocol (IP) address, 98.192.165.70, utilized by a computer connected to a peer-to-peer network that had approximately 102 files known to contain child pornography. The IP address was subsequently traced, via investigative methods, to a residence located at XXXX N. 11th Street, Apt 105, Fresno, CA 93703.

    6.    On or about October 27, 2012, at approximately 1611 hours, Detective Tyson Pogue (Det. Pogue) of the Madera County Sheriff's office attempted to obtain a list of files reported as being shared on the Gnutella network by a computer using IP address 98.192.165.70. The computer at IP address 98.192.165.70 reported approximately 75 files being shared on the Gnutella network, of which 30 files were files of interest. On or about October 27, 2012, while directly connected to the computer at IP address 98.192.165.70, Det. Pogue captured the GUID (globally unique identifier) associated with the peer-to-peer program operating on that computer. The program was reporting itself as LimeWire/5.8.9.

    7.    On or about October 27, 2012, between approximately 1613 hours and 1701 hours, Det. Pogue was able to download six (6) files that the computer at IP address 98.192.165.70 was making available for sharing. The aforementioned files had titles indicative of child

3

pornography. Det. Pogue reviewed the downloaded files and was able to confirm that they contained child pornography. Det. Pogue described the files as still images that depicted a nude, prepubescent female child, approximately eight (8) to ten (10) years of age, whose arms and legs are bound by rope to a white table or platform.

8.     On or about October 29, 2012, I accessed the Gnutella network in order to locate computers sharing images of child pornography. As a result, I observed IP address 98.192.165.70, which was found to originate from a geographic region within the Eastern District of California, specifically near the city of Fresno. Upon locating the IP Address on the Gnutella network, I was then able to receive a publicly-available listing of approximately one hundred and two (102) files that were known, through a match of SHA-1 values, to contain child pornography and which were available for distribution by the individual connecting via the aforementioned IP address. At the time I did this, I did not know that another investigator with the Madera County Sheriff's Office had also begun an investigation related to the same IP address.

9.     On or about October 30, 2012, I issued a Department of Homeland Security (DHS)/ Immigration and Customs Enforcement (ICE) summons to Comcast Internet Services requesting subscriber information associated with IP address 98.192.165.70 that was utilized between October 25, 2012, at 1714 hours GMT, through at least October 28, 2012, at 2007 hours GMT, which encompasses dates and times that the IP address is known to have made numerous files containing child pornography available for distribution.

4

10. According to Comcast Internet Services records, IP address 98.192.165.70 was utilized on the aforementioned dates and times by customer Bradly VAINE (it should be noted that I used the exact spelling on the summons return from Comcast), with an Internet service address of XXXX N 11th Street, Apt 105 Fresno, CA, 93703.

11. On November 6, 2012 the Honorable Judge Edward Sarkisian Jr. reviewed and subsequently granted a request for a search warrant at XXXX N 11th Street, Apt 105 Fresno, CA, 93703.

12. On November 6, 2012, at about 1435 hours, HSI special agents and ICAC task force members executed a search warrant at XXXX N 11th Street, Apt 105 Fresno, CA, 93703.

13. Upon execution of the search warrant, the search team located one adult male, one adult female and one juvenile female (herein referred to as Confidential Victim #1, CV#1) at the apartment. The adult male was identified as Bradley VAINE (VAINE) and the adult female was identified as Stacey CARTER (CARTER), VAINE's sister. I read VAINE his Miranda Rights, and VAINE acknowledged that he understood his rights. VAINE voluntarily signed an ICE Statement of Rights form. SA Craig Finley and I obtained a recorded statement from VAINE. Also present during portions of the interview were Detective David Rippe of the Fresno County Sheriff's Office and HSI Fresno SA Juan Fletes. The following is a summary of his statement:

14. VAINE stated that he had been living at XXXX N.11th Street, Apt 105, Fresno, CA for approximately one (1) year. VAINE stated that he lived with his sister, CARTER and her seven (7) year-old daughter, CV#1, who was developmentally disabled. VAINE stated that they had a

5

wireless internet connection in the apartment, their
service provider was Comcast and it was password protected.
VAINE stated that only he and CARTER knew the password to
the wireless internet connection. VAINE stated that he was
unemployed and spent most of his time at the apartment.

15.   VAINE was asked if he knew what a peer-to-peer
(P2P) program was, and VAINE stated that he did. VAINE
further described P2P programs as "file sharing between two
different computers." VAINE stated that he currently had a
P2P program called MORPHEUS installed on his computer.
VAINE stated that he personally installed the program and
used it to search for music and adult pornography. VAINE
ultimately stated that he also used the program to search
for "porn that is underage." VAINE was asked how many files
of child pornography he currently had on his computer and
VAINE said, "none, maybe two or three." VAINE then stated
that he recently ran a scrubbing program on his computer
and deleted everything. VAINE stated that he had
approximately a couple hundred files of child pornography
prior to running the scrubbing program. VAINE stated that
he used the terms "pthc", "pedo", and "toddler" when
searching for child pornography. VAINE stated that he
understood what he did was wrong. VAINE stated that the
first time he downloaded child pornography was "years and
years ago." VAINE stated that he had masturbated to child
pornography, "once or twice." VAINE stated that he saved
the images on a red memory stick that he had in the
apartment. VAINE stated he used to have an additional
memory stick with images but did not know where it was
currently. VAINE stated that his sister also used the
computer, but that he kept everything on the thumb-drive.

6

16.   I then asked VAINE if he had sent images through
email and VAINE said "a few times." VAINE stated he used
the following email address, devencarter@gmail.com. VAINE
later gave agents verbal and written consent to take over
control of, and use, "his online presence", for multiple
email and Facebook accounts that he had used. VAINE stated
that he sent emails within the last week, and the emails
included images and videos of child pornography. VAINE
stated that he had traded emails of child pornography for
approximately one (1) year. VAINE stated that last time he
sent an email with child pornography was a couple of weeks
ago.

17.   VAINE then stated that he had been arrested in
New Hampshire for attempting to molest a child. VAINE
stated that he was charged with endangering the welfare of
a child. VAINE stated that he was approximately twenty (20)
years old at the time. VAINE stated that he went for a walk
in the woods near an airport in New Hampshire and
encountered three children. VAINE stated that he asked the
female child to pull down her pants, she did and then he
left. VAINE stated that he thought the girl was
approximately eight (8) years old. I then asked VAINE, how
many kids he had either asked to pull their pants down or
molested in his lifetime and VAINE said "five or six."
VAINE stated that all but one of the occasions that he
molested a child occurred when he was a juvenile.   It
should be noted that a criminal history check on VAINE
revealed a conviction in 2008 in New Hampshire for
"Endangering Welfare of a Child."

18.   VAINE initially denied that he had ever molested
CV#1. VAINE then stated he did not find CV#1 arousing,
because she was his niece and she had "special needs."

7

VAINE stated he was sexually interested in both boys and girls from age five (5) to nine (9).

19. SA Varela and SA Juan Fletes reinitiated contact with VAINE at approximately 1638 hours. VAINE was informed that his Miranda rights still applied and VAINE said that he understood and agreed to continue speaking with the agents. VAINE was informed that agents had just spoken with CARTER and that she admitted to having sex with VAINE and that VAINE had sexually molested CV#1. VAINE then stated "I have, ok" (referring to molesting CV#1) "and she (CARTER) was in on it just as much as I was." VAINE ultimately made additional statements about his sexual relationship with his sister, CARTER, and how they would incorporate the abuse of CV#1 into their sexual activity. VAINE stated that he never penetrated CV#1, but he rubbed her vagina with his fingers and penis. VAINE stated that he had masturbated on her "just a few times" and would ejaculate "between her legs." VAINE was asked how many times he had sexually touched CV#1 and he said "I don't know, quite a few, I can't remember," "maybe twenty times." VAINE stated that this all occurred during the last year since he resided at XXXX N. 11th St, Apt 105. VAINE stated that he would have sex with CARTER a couple of times per week and then stated that CV#1 would only be involved approximately one (1) to two (2) times a month.

20. SA Juan Fletes read CARTER her Miranda rights and CARTER acknowledged that she understood her rights. CARTER voluntarily signed an ICE Statement of Rights form. CARTER was initially interviewed by SAs Juan Fletes and Tim Kotman. SA Juan Fletes and I later re-approached CARTER and obtained a recorded statement. The following is a summary of her statement.

21.   CARTER initially denied any sexual involvement with VAINE or CV#1. CARTER ultimately admitted to having continuous sexual relations with VAINE and repeatedly molesting CV#1 with VAINE. CARTER initially denied willfully participating in the molestation of CV#1, but ultimately admitted to initiating the molestation of CV#1 on several occasions. CARTER stated that she rubbed CV#1's vagina but never penetrated her.

22.   CARTER stated that VAINE used his hands to rub CV#1's vagina but had not penetrated her. CARTER stated that as far as she knew, VAINE had not used his penis to rub on or penetrate CV#1. CARTER stated that VAINE attempted to have CV#1 perform oral sex on him but that CV#1 bit him. CARTER stated that VAINE had been having sex with her and her daughter for about a year or two (2). CARTER stated that VAINE would ejaculate all over CV#1, including her vaginal area and would tell CARTER that she could not clean it off. CARTER later stated that she had seen VAINE penetrate CV#1's vagina, both digitally and with his penis.

23.   CARTER was then asked to describe in detail one of the instances where VAINE and herself both molested CV#1. CARTER stated, "He gets her undressed, then I'll rub her a little bit, and then this time he put her on her stomach and said well this is what happens to good little girls." CARTER then stated "he pushed it in her, his penis into her butt." CARTER stated that she walked away while this happened, because she could not take CV#1's screaming. CARTER stated that the last time CV#1 was touched or penetrated was the beginning of last month.

24.   CARTER stated that on prior occasions she would sit and watch child pornography with VAINE. CARTER also

9

stated that she had seen VAINE masturbate to child pornography and was then asked if she could see what was on the computer screen when this occurred. CARTER stated "a little girl with somebody's penis in between her legs". CARTER stated that VAINE told her his preference was kids younger than CV#1, whom is seven (7) years old. CARTER stated that VAINE had tried to "drug" CV#1 in the past with Benadryl to "knock out" CV#1, but that CARTER did not allow it.

    25. An on-scene computer forensics preview, revealed approximately one hundred and ninety-seven (197) still images and two (2) videos of material involving the sexual exploitation of children. Based upon my training, experience and information related to me by other law enforcement officers and/or their experience and training, these images and videos constituted child pornography, as defined by 18 USC 2256.

    26. Detective Julie Williams (Det. Williams) of the Fresno County Sheriff's Office advised that the images depicted the sexual exploitation of nude prepubescent male and female children between the ages of approximately eighteen (18) months and twelve (12) years of age. The images included prepubescent children engaged in oral copulation, anal penetration, digital penetration, and bondage with other prepubescent children and adult males. Det. Williams advised that at least one of the images, depicted a nude, prepubescent female child between the ages of six (6) and nine (9) years of age whose arms and legs are bound. Det. Williams advised that the videos depicted female prepubescent children between the ages of twelve (12) months and twenty-four (24) months being vaginally penetrated by the erect penis of adult males.

27. Based upon my training and experience, and information related to me by other law enforcement officers and/or their experience and training, after viewing the images located in possession of VAINE, I believe that the files were obtained via the Internet and interstate and foreign commerce.

28. VAINE was arrested on federal charges of possession and distribution of child pornography. CARTER was taken to the hospital on a California Welfare and Institutions Code, Section 5150 hold, because of suicidal statements she made to agents. CV#1 was placed with Social Services and a medical examination of CV#1 was ordered to be conducted. Fresno Police Department has an ongoing criminal investigation related to VAINE and CARTER for the alleged molestation and or rape of CV#1.

29. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein.

30. Based upon the above facts and information, I submit there is probable cause to believe that defendant, Bradley Allen VAINE, has violated 18 U.S.C. Section 2252(a)(4)(B), which makes it a crime for any person to knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including computer, if the producing of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct and 18 USC Section 2252(a)(2), which makes it a crime for any person to

knowingly receive or distribute material involving the
sexual exploitation of children.

I declare under penalty of perjury under the laws of the
United States that the foregoing is true and correct.


Andres Varela, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations


Sworn to before me, and subscribed in my presence,
This 7th day of November 2012.

Hon. Barbara A. McAuliffe
United States Magistrate Judge

12